1  Nick Saros (CAL. BAR NO. 209922)
   JENNER & BLOCK LLP
2  633 West 5th Street, Suite 3600
   Los Angeles, California  90071
3  Telephone: (213) 239-5100
   Facsimile: (213) 239-5199
4  nsaros@jenner.com

5  Reginald J. Hill (admitted *Pro Hac Vice*)
6  Michael G. Babbitt (admitted *Pro Hac Vice*)
   JENNER & BLOCK LLP
7  353 North Clark
   Chicago, Illinois  60654
8  Telephone: (312) 222-9350
   Facsimile: (312) 527-0484
9  rhill@jenner.com
10 mbabbitt@jenner.com

11 Attorneys for Defendants Raritan Americas, Inc.
   d/b/a Raritan Computer, Inc. and Raritan, Inc.
12
13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14                 SAN FRANCISCO DIVISION

15 CYBER SWITCHING PATENTS, LLC d/b/a        Case No. C 14-02689 PJH
   CYBER SWITCHING
16                                           Related Cases: No: 3:14-cv-02681, 3:14-
                Plaintiff,                   cv-02682, 3:14-cv-02684, 3:14-cv-02683,
17                                           3:14-cv-02692, 3:14-cv-02693
   v.
18                                           **RARITAN ANSWER TO**
   Raritan Computer, Inc., Raritan Inc.     **COMPLAINT FOR PATENT**
19                                           **INFRINGEMENT AND**
                Defendants.                  **COUNTERCLAIMS**
20
                                             DEMAND FOR JURY TRIAL
21
                                             Hon. Phyllis J. Hamilton
22

23

24

25

26

1    Defendants/Counterclaimants Raritan Americas, Inc. d/b/a Raritan Computer, Inc. and

2  Raritan Inc. ("Raritan"), by and through their counsel, respond to the Complaint of

3  Plaintiff/Counter-Defendant Cyber Switching Patents, LLC ("Cyber Switching") dated June 10,

4  2014, and answer with respect to the specific allegations in the corresponding paragraphs of the

5  Complaint as follows:

6    **Nature of the Action**

7    1.    Raritan admits that the Complaint purports to state a claim for patent

8  infringement.  Raritan admits that U.S. Patent No. 7,550,870 ("the '870 patent") is entitled

9  "Method and Apparatus for Remote Power Management and Monitoring," and the patent issued

10  on June 23, 2009.  Raritan admits that Exhibit A appears to be a copy of the '870 patent. Raritan

11    admits that U.S. Patent No. 7,630,186 ("the '186 patent") is entitled "Current Protection

12  Apparatus and Method," and the patent issued on December 8, 2009.  Raritan admits that Exhibit

13    B appears to be a copy of the '186 patent.  Raritan admits that U.S. Patent No. 7,672,104 ("the

14    '104 patent") is entitled, "Current Protection Apparatus and Method."  Raritan admits that

15    Exhibit C appears to be a copy of the '104 patent.  Raritan specifically denies any acts of

16    infringement and also denies the remaining allegations in this paragraph.

17    **The Parties**

18    2.    Raritan lacks knowledge or information sufficient to form a belief about the truth of

19  the allegations set forth in this paragraph, and therefore denies the same.

20    3.    Raritan admits that Raritan Americas, Inc. is a corporation of the State of New Jersey.

21  Raritan admits that Raritan Americas, Inc.'s registered agent for service of process in New Jersey is

22  Corporation Service Company, 30 Bear Tavern Road, West Trenton, NJ, 08628.  Raritan admits

23  that Raritan Americas, Inc. is also doing business as Raritan Computer, Inc.  Raritan admits that

24  Raritan Americas, Inc. does business in the state of California.  Raritan denies that Raritan

25  Americas, Inc. develops, manufactures offers for sale or sells within the State of California "the

26  Raritan Products, as defined below," as alleged by the Complaint, because the Complaint contains no

such definition.  Raritan admits that Raritan, Inc. is a corporation of the State of Delaware.  Raritan admits that Raritan Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, DE 19808.  Raritan denies the remaining allegations in this paragraph.

### Jurisdiction and Venue

4.      Raritan admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Raritan admits that this Court has personal jurisdiction over Raritan for the purposes of this lawsuit.  Raritan denies the remaining allegations in this paragraph.

6.      Raritan admits that venue in this District is proper pursuant to 28 U.S.C. § 1400 as to Raritan for the purposes of this lawsuit.  Raritan denies the remaining allegations in this paragraph.

### Intradistrict Assignment

7.      Raritan admits that this case is appropriate for district-wide assignment under Civil Local Rule 3-2(c).  Raritan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

### Operative Facts

8.      Raritan admits that Charles H. Reynolds is a named inventor on the face of the Patents in Suit.  Raritan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

9.      Raritan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph, and therefore denies the same.

10.      Raritan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph, and therefore denies the same.

11.      Raritan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph, and therefore denies the same.

1    12.    Raritan lacks knowledge or information sufficient to form a belief about the truth of

2    the allegations set forth in this paragraph, and therefore denies the same.

3    13.    Raritan lacks knowledge or information sufficient to form a belief about the truth of

4    the allegations set forth in this paragraph, and therefore denies the same.

5    **The Patents in Suit**

6    14.    Raritan lacks knowledge or information sufficient to form a belief about the truth of

7    the allegations set forth in this paragraph, and therefore denies the same.

8    15.    Denied.

9    16.    Denied.

10    **Causes of Action – Raritan**

11    17.    Raritan incorporates by reference as if fully set forth herein the responses

12    contained above.

13    18.    Raritan admits that it offers for sale and sells PX-5000, PX-4000, PX-3000, PX-

14    2000, and PX-1000 series PDU products and Power IQ and dcTrack software within the United

15    States.  Raritan denies the remaining allegations in this paragraph.

16    **Count One – The '870 Patent**

17    19.    Raritan incorporates by reference as if fully set forth herein the responses

18    contained above.

19    20.    Denied.

20    21.    Denied.

21    22.    Denied.

22    **Count Two – The '186 Patent**

23    23.    Raritan incorporates by reference as if fully set forth herein the responses

24    contained above.

25    24.    Denied.

26    25.    Denied.

26.      Denied.

## Count Three – The '104 Patent

27.      Raritan incorporates by reference as if fully set forth herein the responses contained above.

28.      Denied.

29.      Denied.

30.      Denied.

## Response to Prayer for Relief

Raritan denies that Plaintiff is entitled to or should be awarded any relief.

## AFFIRMATIVE DEFENSES

Raritan incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these Affirmative Defenses, Raritan does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Raritan reserves the right to amend this Answer to assert additional defenses as further information becomes available through discovery.

### FIRST AFFIRMATIVE DEFENSE

1.      Raritan has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of U.S. Patent Nos. 7,550,870, 7,630,186, and 7,672,104 (the "Asserted Patents").

### SECOND AFFIRMATIVE DEFENSE

2.      Each and every claim of the Asserted Patents is invalid for failing to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code *et seq.*, including but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or general principles of patent law.

### THIRD AFFIRMATIVE DEFENSE

3.      Upon information and belief, Plaintiff's claims for recovery are barred, in whole or in part, by Plaintiff's failure to comply with the marking and notice requirements set forth in 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE

4.      Upon information and belief, Plaintiff's claims for recovery are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, acquiescence, prosecution history estoppel, laches, and/or other equitable considerations.

### FIFTH AFFIRMATIVE DEFENSE

5.      To the extent that Plaintiff asserts claims and/or requests damages for alleged infringement occurring more than six years before the filing of this action, such claims and relied are barred by the applicable statute of limitations, 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint fails to state a claim upon which relief can be granted.

### COUNTERCLAIMS

Raritan Americas, Inc. d/b/a Raritan Computer, and Raritan Inc. ("Raritan") hereby counterclaim against Cyber Switching Patents, LLC d/b/a/ Cyber Switching as follows:

### Nature of the Counterclaims

1.      Cyber Switching Patents, LLC d/b/a Cyber Switching brought this action and now alleges that Raritan is liable for infringement of United States Patents Nos. 7,550,870, 7,630,186, and 7,672,104 (collectively "Asserted Patents").

2.      These are counterclaims for declarations of non-infringement and invalidity of the Asserted Patents under the Declaratory Judgment Act, 28. U.S.C. §§ 2201 and 2202, and under the Patent Statute, 35 U.S.C. in§§ 100 *et seq.*

**The Parties**

3.      Raritan Americas, Inc. d/b/a Raritan Computer, Inc is a corporation of the State of New Jersey with a principal place of business located in Somerset, New Jersey.  Raritan, Inc. is a corporation of the State of Delaware with a principal place of business located in Somerset, New Jersey.

4.      According to the allegations in its Complaint, Cyber Switching Patents, LLC d/b/a Cyber Switching ("Cyber Switching") is a Limited Liability Company of the State of California having its principal place of business in San Jose, California.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.      This Court has personal jurisdiction over Cyber Switching.

7.      Venue is proper in this judicial district.

**Count I: Declaration of Non-Infringement and Invalidity of United States Patent No. 7,550,870**

8.      Raritan re-alleges and incorporates by reference paragraphs 1 through 7 of its Counterclaims as if again fully set out.

9.      Upon information and belief, United States Patent No. 7,550,870 ("'870 patent") issued on June 23, 2009.  Cyber Switching asserts that it owns the '870 patent.

10.      Cyber Switching asserts that Raritan is liable for infringement of the '870 patent.

11.      Raritan does not infringe and has not infringed any claim of the '870 patent.

12.      The claims of the '870 patent are invalid for failing to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code *et seq.*, including but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or general principles of patent law.

13.      There is an actual controversy between Raritan and Cyber Switching concerning validity and infringement of the '870 patent.

**Count II: Declaration of Non-Infringement and Invalidity of United States Patent No. 7,630,186**

14.     Raritan re-alleges and incorporates by reference paragraphs 1 through 7 of its Counterclaims as if again fully set out.

15.     Upon information and belief, United States Patent No. 7,630,186 ("'186 patent") issued on December 8, 2009.  Cyber Switching asserts that it owns the '186 patent.

16.     Cyber Switching asserts that Raritan is liable for infringement of the '186 patent.

17.     Raritan does not infringe and has not infringed any claim of the '186 patent.

18.     The claims of the '186 patent are invalid for failing to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code *et seq.*, including but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or general principles of patent law.

19.     There is an actual controversy between Raritan and Cyber Switching concerning validity and infringement of the '186 patent.

**Count III: Declaration of Non-Infringement and Invalidity of United States Patent No. 7,672,104**

20.     Raritan re-alleges and incorporates by reference paragraphs 1 through 7 of its Counterclaims as if again fully set out.

21.     Upon information and belief, United States Patent No. 7,672,104 ("104 patent") issued on March 2, 2010.  Cyber Switching asserts that it owns the '104 patent.

22.     Cyber Switching asserts that Raritan is liable for infringement of the '104 patent.

23.     Raritan does not infringe and has not infringed any claim of the '104 patent.

24.     The claims of the '104 patent are invalid for failing to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code *et seq.*, including but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or general principles of patent law.

25.     There is an actual controversy between Raritan and Cyber Switching concerning validity and infringement of the '104 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Raritan prays for relief as follows:

A. That judgment be entered in favor of Raritan and against Cyber Switching on every cause of action pleaded by the Complaint and that Cyber Switching be denied all relief sought by the Complaint;

B. That judgment be entered declaring that Raritan is not liable for infringement of United States Patents Nos. 7,550,870, 7,630,186, and 7,672,104;

C. That judgment be entered declaring that United States Patents Nos. 7,550,870, 7,630,186, and 7,672,104 are invalid for failure to comply with the requirements 35 U.S.C. §§ 101, 102, 103 and/or 112;

D. That Raritan be awarded its attorneys' fees, costs, and expenses in this action; and

E. That the Court grant Raritan such other and further relief as it deems proper.

## JURY DEMAND

Raritan hereby demands trial by jury on all issues so triable.

DATED: August 18, 2014                    Respectfully submitted,

                                          */s/Nick Saros*
                                          Nick Saros
                                          Reginald J. Hill
                                          Michael G. Babbitt
                                          Jenner & Block LLP

                                          Attorneys for Raritan Americas, Inc.
                                          d/b/a Raritan Computer, Inc. and Raritan, Inc.